Arnold L. Graff (SBN 269170)
agraff@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>TYRONE GUS CHENEVERT AND CASSANDRA LAJETTA CHENEVERT,<br><br>Debtors. | Case No. 12-40476-CN<br><br>Chapter 13<br><br>R.S. No. ALG-354<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing**:<br>Date: November 18, 2016<br>Time: 10:00 a.m.<br>Place: 215<br>1300 Clay Street<br>Oakland, CA 94612 |

U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1 ("Movant") submits the following memorandum of points and authorities in support of its Motion for Relief from Automatic Stay.

### I. STATEMENT OF THE ISSUE

Whether Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

- 1 -  CASE NO. 12-40476-CN

## II. FACTUAL AND PROCEDURAL SUMMARY

Debtors executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

On or about July 18, 2005, Tyrone G. Chenevert and Cassandra L. Chenevert, ("Debtors") executed a promissory note in the principal sum of $368,000.00 (the "Note"), which was made payable to Wells Fargo Bank, N.A. (*See* Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), **Exhibit A**).

The Note is secured by a recorded deed of trust (the "Security Instrument") encumbering the real property located at 657 S. 29th Street, Richmond, California 94804 (the "Property").[1] (*See* Declaration, **Exhibit B**).

Movant currently holds possession of the Note, which is indorsed and payable in blank. (*See* Declaration).

The Security Instrument was assigned to Movant. (*See* Declaration, **Exhibit C**).

On January 18, 2012, Debtors commenced the instant case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

A default exists under the Loan for failure to make payments due and owing under the Note and Security Instrument. (*See* Declaration).

As of October 17, 2016, the post-petition payments due under the Loan are as follows:

| PAYMENTS | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 2 | $2,653.66 | 7/1/2016 to 8/1/2016 | $5,307.32 |
| 2 | $2,720.29 | 9/1/2016 to 10/1/2016 | $5,440.58 |
| | | *Less Suspense*: | ($383.02) |
| **Total Post-Petition Payments as of October 17, 2016:** | | | **$10,364.88** |

(*See* Declaration).

---

[1] The Note and Security Instrument are collectively referred to herein as the "Loan."

An additional payment will come due on November 1, 2016, and payments will continue to come due on the 1st day of each month until the Loan is paid in full. (*See* Declaration).

As of October 17, 2016, the principal amount owing under the Note is the approximate sum of $356,663.86.[2] (*See* Declaration).

### III. LEGAL ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition mortgage payments, and inadequate protection of a creditor's interest in the property. *In re Ellis*, 60 B.R. 432 (9th Cir.BAP 1985).

Pursuant to Debtors' Chapter 13 Plan, Debtors are obligated to make all post-petition payments due and owing under the Note. Debtors' failure to tender the post-petition mortgage payments due and owing under the note, as detailed herein, constitutes "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

/./././

/./././

/./././

/./././

/./././

---

[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

### B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

   (2) with respect to a stay of an act against property under subsection (a) of this section, if –

      (A) the debtor does not have any equity in such property; and

      (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984)(emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1)*. *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added).

Movant is informed and believes, based on the Debtors' sworn bankruptcy schedules, that the fair market value of the Property is approximately $150,000.00.[3]

Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtors' and/or the estate's equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $150,000.00 |
| Less: | |
|    Movant's Trust Deed | $356,663.86 |
|    Wells Fargo's 2nd Deed of Trust | $33,338.36 |
|    Costs of Sale (8%) | $12,000.00 |
| Equity in the Property: | **($252,002.22)** |

/./././

---

[3] Copies of the Debtor's Schedules "A" and "D" are collectively attached hereto as **Exhibit A to Memo** and incorporated herein by reference.

As there is little to no equity in the Property for the benefit of the bankruptcy estate, the Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## IV. CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court;

4. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

5. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: October 25, 2016

/s/ Arnold L. Graff
ARNOLD L. GRAFF
Attorneys for Movant U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1